UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ANGELA LEMOINE, et al | CIVIL ACTION NO. 06-953 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| WESTSIDE HABILITATION CENTER, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a Motion to Remand, Doc. #11, referred to me by the district judge for Report and Recommendation. This is a suit for personal injuries and for damages as a result of sexual harassment and a hostile work environment. The suit was filed in state court and was timely removed[1] to this court by defendants who assert federal question jurisdiction. The suit is not removable under this court's diversity jurisdiction because complete diversity does not exist; plaintiffs are residents of Louisiana as are defendants Westside Habilitation Center, Inc. (Westside) and Shawn Wilson (Wilson).

In its Notice of Removal, defendants Westside and Wilson[2] assert that plaintiffs' claims fall under the federal anti-

---

[1] Although defendants assert that the motion to remand was filed more than 30 days after the filing of the notice of removal and thus comes too late, as defendants recognize in brief, an exception applies where, as here, the motion to remand is based on this court's lack of subject matter jurisdiction. Despite defendants' suggestion to the contrary, plaintiff's motion to remand clearly asserts this court's lack of subject matter jurisdiction. See Tillman v. CSX Transp., Inc., 929 F.2d 1023 (5th Cir. 1991).

[2] The removing defendants claim that the third defendant, Compass Insurance Company, is a nominal defendant whose consent to the removal is not needed. We need not decide this issue.

discrimination laws but admit that plaintiffs did not specify federal or state law when reciting their claims in the petition.

Plaintiffs, in support of remand, argue that they are entitled to choose to avoid federal jurisdiction by relying exclusively on federal law. Plaintiffs, in their Memorandum in Support of Motion to Remand, further expressly disavow pursuit of any federal claim. Further, plaintiffs cite the opinion of the Magistrate Judge in the Lake Charles Division of this District in a case very similar to this one.

## Analysis

Defendants are permitted to remove a case to this court under the court's federal question jurisdiction if it "arises under the Constitution, laws or treaties fo the United States." 28 USC 1331. The removing defendants have the burden of establishing removal jurisdiction. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of Louisiana, 118 S. Ct. 921, 925 (1998), citing 28 USC 1441(a).

As plaintiffs correctly suggest, this case is very similar to the case decided by Magistrate Judge Wilson in Devoe v. Management Solutions, Inc., 20005 WL 2304468 (W.D.La.). Like Devoe, plaintiffs

2

here do not specifically refer to state or federal law in their petition filed in state court. The allegations in the petition could support a claim under either state or federal laws. However, in addition to not asserting specifically the applicability of federal laws, plaintiffs do not even allege that a claim was filed with the EEOC[3] or that a right to sue letter has been recieved by them. As Magistrate Judge Wilson noted in <u>Devoe</u>, at least one court has held that the complaint fails to state a claim under Title VII when it does not allege that plaintiff has received an EEOC right to sue letter. <u>Shabazz v. Texas Youth Com'n</u>, 300 F.Supp.2d 467, 471 (N.D. Tex. 2003).

Plaintiffs are masters of their claims and may avoid federal jurisdiction by choosing not to advance claims based on federal law. Here plaintiffs, who filed suit in state court, have not asserted that the claims were presented to the EEOC, a prerequisite to federal jurisdiction, or that the EEOC issued a right to sue letter. Nor have plaintiffs otherwise made reference to the applicability of federal law.

Defendants argue that the "artful pleading doctrine" applies to prevent remand. "The artful pleading doctrine recognizes that the characterization of a federal claim as a state claim will not in all cases prohibit removal *when the plaintiff has no state law*

---

[3] Filing a charge with the Equal Opportunity Commission is an administrative prerequisite to filing suit under Title VII. <u>Taylor v. Books A Million, Inc</u>. 296 F. 3d 373, 379 (5th Cir. 2002).

3

*claim at all*. The doctrine does not convert legitimate state claims into federal ones, but rather reveals the suit's necessary federal character." Carpenter v. Wichita Falls Independent School District, 44 F.3d 362 (5th Cir. 1995), citing Franchise Tax Board v. Construction Laborers Vacation Trust, 103 S.Ct. 2841, 2848 (1983) (emphasis in original). The artful pleading doctrine should aply only in exceptional circumstances. Carpenter, 44 F.3d at 366, f.n. 3. "Absent such extraordinary circumstances, the well-pleaded complaint rule governs...." * * * That is, if a plaintiff indeed has a viable state law claim, he may depend on it alone and thereby defeat attempts at removal. Carpenter, p. 366.

In this case, plaintiffs have a viable state law claim and the artful pleading doctrine is inapplicable. Under the well-pleaded complaint rule, plaintiffs were entitled to and did assert only state law claims. The motion to Remand should be granted.

For the foregoing reasons, IT IS RECOMMENDED that plaintiffs' Motion to Remand, Doc. #11, be GRANTED, and this case be remanded to the 12th Judicial District Court, Parish of Avoyelles, State of Louisiana.

It is FURTHER RECOMMENDED that, in his discretion, the district judge DENY the plaintiffs' motion for attorney fees.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from

4

service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 5th day of September, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE